IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANNA L. WINEBARGER,<br><br>        Plaintiff,<br><br>  -vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 14-1222 |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since March 1, 2010. (ECF Nos. 9-6, pp. 27). Administrative Law Judge ("ALJ"), Geoffrey S. Casher, held a video hearing on December 12, 2012. (ECF No. 9-2, pp. 40-77). On January 17, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 21-34). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity (RFC) Evaluation by a Physical Therapist

Plaintiff argues that the ALJ erred in failing to give appropriate weight to the RFC evaluation of a physical therapist, Edward Jarrett. (ECF No. 11, pp. 4-9). With regard to Mr. Jarrett, the ALJ stated as follows:

> The undersigned gives this opinion little weight as the claimant was sent to the evaluation by her attorney for the purposes of proving disability and not by one of her physicians for diagnostic purposes. Of note, neither the claimant's neurologist Dr. Platna, nor her primary care provider Dr. Parlavecchio, submitted opinions regarding the claimant's functional abilities despite the fact that the claimant has treated with both consistently throughout the period at issue.
>
> Additionally, the undersigned gives little weight to the opinion of Mr. Jarrett as he is a physical therapist and not a medical doctor. Pursuant to Social Security Ruling 06-03p, a physical therapist is not considered an "acceptable medical source." According to the Ruling, information from "other sources" cannot establish the existence of a medically determinable impairment. The undersigned is mindful of this when evaluating the weight of Mr. Jarrett's opinion.
>
> Further, Mr. Jarrett only saw the claimant one time and his findings are not consistent with the medical evidence as a whole. Specifically, the treatment

3

record indicates the claimant maintained a full range of motion and full strength of her joints and extremities and had a normal gait (Exhibits 1F, 3F, 10F, 13F, 16F, 17F and 22F). Moreover, in regards to Mr. Jarrett's opinion regarding loss of manual dexterity in the hands, it is unsupported by the record. EMG studies reported only a mild neuropathy in the claimant's right wrist (Exhibit 1F10). Rheumatology noted some mild pain in her fingers in September 2012 but her neurologist noted normal finger dexterity, no focal weakness on motor system evaluation, normal muscle tone, no spasticity and no rigidity and an intact sensory exam of December 6, 2012 (Exhibits 14F2 and 22F2). Lastly, the claimant reported activities of daily living inconsistent with Mr. Jarrett's opinion as she maintained her household independently with the help of her teenaged son, drove, washed dishes, dusted, washed clothes, prepared meals and shopped in stores (Exhibits 4E, 9F and claimant testimony).

(ECF No. 9-2, pp. 31-32).

Plaintiff first submits that it was error for the ALJ to afford little weight to the evaluation performed by Mr. Jarrett on the basis that Plaintiff was referred to him by counsel. (ECF No. 11, pp. 4-8). Plaintiff states "the simple fact Claimant was sent to a physical therapist by her representative does not in and of itself negate the findings of said Functional Capacity Evaluation performed by the physical therapist." (ECF No. 11, p. 5). Contrary to Plaintiff's position, I find it is appropriate for the ALJ to state and consider the facts that Mr. Jarrett was not a treating therapist and that her treating doctors did not submit RFC evaluations of Plaintiff. *Lane v. Comm of Soc. Sec.,* 100 Fed. Appx. 90, 95-96 (3d Cir. June 3, 2004) (The lack of medical evidence from a treating physician that a claimant is unable to meet the demands of work is "very strong evidence" that the claimant is not disabled.)[1] Furthermore, what Plaintiff fails to realize is that, as set forth above, this was not the only reason given by the ALJ for giving Mr. Jarrett's opinion little weight. Rather, the ALJ set forth multiple reasons for discounting the evaluation by Mr. Jarrett. (ECF No. 9-2, pp. 31-32).

---

[1]Plaintiff, in support of Mr. Jarrett's opinion, attempts to cite to a treating doctor's record that was created after the ALJ's decision. (ECF No. 11, p. 5). However, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). My review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Consequently, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ when reviewing his decision.

Next, Plaintiff suggests that it was error for the ALJ to afford little weight to Mr. Jarrett's opinion because he was not an "acceptable medical source." (ECF No. 11, pp. 8-9). As Plaintiff acknowledges, a physical therapist is not "an acceptable medical source" in assessing a claimant's disability, and, therefore, his opinions are not entitled to controlling weight. *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R. §416.913(a) and §404.1513(a), (e). As such, this evidence must be weighed with the rest of the evidence. This is exactly what the ALJ did. (ECF No. 9-2, pp. 31-32). He weighed it with the rest of the evidence and found it to be inconsistent with the evidence as a whole. *Id.*

After a review of the record, I find the reasons listed are appropriate and supported by substantial evidence. As a result, I find no error in this regard.

### C. <u>Credibility</u>

Plaintiff next submits that the ALJ erred in assessing the credibility of Plaintiff as it relates to her fibromyalgia. (ECF No. 11, pp. 9-16). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.*

In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other

5

than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 9-2, pp. 21-34). Based on my review of the evidence, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Moreover, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not credible as it relates to her fibromyalgia. (ECF No. 9-2, pp. 27-32). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

### D. <u>Activities of Daily Living</u>

Plaintiff's next argument is that her activities of daily living are not inconsistent with the functional capacity evaluation of Mr. Jarrett. (ECF No. 11, pp. 16-18). As set forth above, the ALJ specifically stated: "Lastly, the claimant reported activities of daily living inconsistent with Mr. Jarrett's opinion as she maintained her household independently with the help of her teenaged son, drove, washed dishes, dusted, washed clothes, prepared meals and shopped in stores (Exhibits 4E, 9F and claimant testimony)." (ECF No. 9-2, p. 32). After a review of the evidence, I find there is substantial evidence to support this opinion of the ALJ as set forth in the records cited by him. Consequently, I find no error in this regard.

6

### E.     Vocational Expert

Plaintiff next submits that the ALJ's hypothetical questions are not based on substantial evidence. (ECF No. 11, pp. 18-19). Specifically, Plaintiff argues that the ALJ failed to take into consideration the limitations set forth by Mr. Jarrett. *Id.* An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). As set forth above, the ALJ properly gave Mr. Jarrett's opinion little weight. Furthermore, based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 9-2, pp. 21-34). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANNA L. WINEBARGER, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 14-1222 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of June, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                BY THE COURT:

                s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge